## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Edgar Rodriguez, | ) | |
| Plaintiff, | ) | |
| -against- | ) | C.A. No. 12- |
| U.S. Department of the Army, and | ) | |
| Secretary of the Army John McHugh | ) | |
| Defendants. | ) | |
|  | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, for his complaint against the Defendants herein, alleges:

1.      This is an action brought by a veteran to obtain information necessary to exonerate him from a wrongful conviction by the government.

2.      This action is brought to compel the Defendants to comply with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). Plaintiff seeks an order (1) enjoining Defendants from unlawfully withholding documents responsive to Plaintiff's Freedom of Information Act request; (2) requiring Defendants to produce all non-exempt documents and video tapes for inspection and copying; (3) requiring Defendants to provide the Court and Plaintiff with a detailed justification and index for all documents withheld; (4) directing that pursuant to 5 U.S.C. §552(a)(4)(D), this proceeding be given precedence on the docket over all other cases, be assigned for hearing and trial and be expedited in every way; (5) awarding costs and reasonable attorney fees, together with other such relief as the Court may deem just and proper.

## JURISDICTION

3.      This Court has both subject matter and personal jurisdiction, pursuant to 5 U.S.C.

§552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and

1361. Venue lies in this District pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C §703 and 28 U.S.C.

§1391.

## PARTIES

4.      Plaintiff Edgar Rodriguez is the sole complainant and a resident of Meadville, PA,

in the the Western District of Pennsylvania. Plaintiff Edgar Rodriguez is hereafter referred to as

"Mr. Rodriguez."

5.      Defendant Department of the Army is an agency of the United States and is

subject to FOIA disclosure requirements. Defendant has possession of the documents and related

information the Plaintiff seeks to access. Defendant Department of the Army is hereafter referred

to as "Department of the Army."

6      Defendant John McHugh is the Secretary of the Army. Secretary John McHugh is

named herein in his official capacity as the secretary of the agency in which the documents are

located. Defendant John McHugh is hereafter referred to as "the Secretary of the Army."

7.      Defendants are responsible for the agency's final decision to fail to respond to the

Freedom of Information Act Appeal and underlying request.

## NATURE OF THE CONTROVERSY

8.      By a letter dated April 29, 2011, Mr. Rodriguez requested that the Department of

the Army make available, under the Freedom of Information Act, documents concerning the

1990 investigation of Mr. Rodriguez conducted by the Department of the Army Criminal

Investigative Division ("CID"). The letter specifically requested all related exhibits included but

not limited to reports of interviews, notes of interviews, and video and/or audio tapes of interviews. A copy of that letter is attached to this complaint.

9.      By a letter dated June 15, 2011, Susan Cuglar, Director of Crime Records Center, Criminal Investigative Division acting on behalf of the Department of the Army, granted the Plaintiff's request in part and denied it in part. The Department of the Army identified 36 pages of documents as 000001-000036, of which pages 000001-000023 and 000035-36 were provided with redactions, pages 00024 and 000031-000034 were referred to another component of the Department of the Army and pages 000025-000030 were withheld in their entirety. The documents provided identified Exhibit 1 through 12, inclusive. The documents produced included Exhibits 1, 2, 4, 5, 6, 7 and 8. In support of the partial denial, the Department of the Army alleged that it withheld certain materials pursuant to 5 U.S.C. § 552, Exemptions (b)(6), and (b)(7)(C) of the Freedom of Information Act, on the basis of personal privacy and withheld other materials pursuant to Exemption (b)(7)(f), as information compiled for law enforcement purposes where endangering the life or safety of any individual could be reasonably expected. Additionally, Director Cuglar referred the Plaintiff to another Department of the Army office, namely US Army Medical Command, for Exhibit and pages 000031-000034. The Defendant entirely neglected to disclose exhibits 9, 10, 11 and 12, and withheld and/or did not provide a written explanation and did so without claiming, as its justification, a FOIA exemption.

10.     By letter dated July 12, 2011, John Peterson, Chief of Freedom of Information for US Army Medical Command, acting on behalf of the Department of the Army, also denied the request, alleging Title 5, U.S.C.§ 552, Exemption (b)(6), namely personal privacy.

11.     By letter dated August 5, 2011, the Plaintiff appealed the partial denial by the Department of the Army, accurately alleging that the Defendant withheld several of the exhibits

without claiming a FOIA exemption. Additionally, the appeal argued that several of the materials were withheld incorrectly under the stated grounds.

12. On August 23, 2011, Director Cuglar acknowledged receipt of the appeal under the Freedom of Information Act. Additionally, Director Cuglar informed the Plaintiff that the appeal had been forwarded to the Defendant, Secretary of the Army and a reply would be forthcoming. However, to date, no such reply has been received.

13. The twenty day period under 5 U.S.C. § 552(a)(6)(A)(ii)in which the Defendants must make a determination with respect to any appeal, has elapsed, thus establishing the administrative exhaustion necessary prior to judicial review. *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C.Cir.2004).Additionally, the Defendants have failed to notify the Plaintiff of the provisions for judicial review as required in 5 U.S.C. § 552(a)(6)(A)(ii).

14. The Defendants are unlawfully withholding information to which the Plaintiff is entitled.

15. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the Defendants.

## FIRST CAUSE OF ACTION

16. The Defendants' refusal to disclose requested information without claiming a FOIA exemption, pages 000003 and 000009 as well as exhibits 9, 10, 11 and 12 in the July 15 partial disclosure is in violation of the Freedom of Information Act, 5 U.S.C. §552(a)(3).

17. The Plaintiff has been injured by such failure and such injury can only be repaired by the full release of the requested documents.

## SECOND CAUSE OF ACTION

18. The Defendants' refusal to disclose requested information claiming 5 U.S.C. §552, Exemptions (b)(6), and (b)(7)(C), personal privacy, is without merit. These exemptions

were the basis for redactions which appear on every page produced with the exception of 000036. Pages 000025-000030 were withheld in their entirety on this basis, as well as Exhibit 3, page 000006 by US Army Medical Command while acting on behalf of the Defendants. These withheld materials apparently identified the complainants and other witnesses who provided evidence against the Plaintiff in connection with his prosecution. On information and belief, each of these individuals was identified at the time the Plaintiff was prosecuted and in fact testified in either or both of the probable cause hearing and trial. This being the case, disclosure at this time would not violate any reasonable expectation of privacy.

19.     The Plaintiff has been injured by such failure and such injury can only be repaired by the full release of the requested documents.

### THIRD CAUSE OF ACTION

20.     The Defendants' refusal to disclose portion of pages 000002, 000005, and 000011 on the basis of FOIA Exemption (b)(7)(F) is without merit. FOIA Exemption (b)(7)(F) here is being alleged by the Defendants in order to protect the names of the investigators. There is no rational basis on which the disclosure of the identity of the investigators could "reasonably" be expected to endanger their lives or safety. The Plaintiff has no history of violence or even harassment. On information and belief, their identities were known to my client and his counsel at the time of the investigation and prosecution and upon information and belief were named in discovery documents disclosed to the Plaintiff during the pre-trial phase of the prosecution.

21.     The Plaintiff has been injured by such failure and such injury can only be repaired by the full release of the requested documents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an Order:

(a)     Enjoining Defendants and their employees, agents and servants from withholding the information requested by the Plaintiff and directing Defendants to produce said documents promptly for Plaintiff's inspection and copying;

(b)     directing Defendants to provide Plaintiffs with a detailed and specific justification for withholding information and an itemized index that correlates statements in the justification with specific portions of the requested information withheld;

(c)     requiring Defendants to provide Court and Plaintiff with a detailed justification and index for all documents withheld;

(d)     directing that pursuant to 5 U.S.C. §552(a)(4)(D), this proceeding be given precedence on the docket over all other cases, be assigned for hearing and trial and be expedited in every way;

(d)     awarding to Plaintiff pursuant to 5 U.S.C. §552(a)(4)(E), reasonable attorney fees and other costs incurred in this action; and

(e)     granting such other relief as is just and proper in the premises.

Dated: November 28, 2012
         Washington, DC

                                                Respectfully submitted,
                                                Counsel to the Plaintiff


                                                _____
                                                Peter J. Tomao, Esq.
                                                226 Seventh Street, Suite 302
                                                Garden City, NY 11530
                                                (516) 877-7015
                                                ptomao@tomaolaw.com


                                                _____
                                                Gary M. Sidell, Esq.
                                                Bar No. 961847
                                                1776 K Street, NW, Suite 800
                                                Washington DC 20006
                                                (202) 783-0060
                                                suitcase@erols.com


Of Counsel
Gary Port, Esq.
Port and Sava
734 Franklin Avenue, #574
Garden City, New York
(516) 352 2999